INZER, Justice:
Appellant Clyde Lundy was indicted, tried and convicted in the Circuit Court of Oktibbeha County of the sale of phenobarbital, a controlled substance, to Merle Temple for a consideration of $15. He was sentenced to serve a term of six years in the State Penitentiary. From this conviction and sentence, he appeals. We affirm.
There is no conflict in the evidence in this case. The evidence on behalf of the state established that on November 14, 1972, Merle Temple and William Huff, undercover agents for the State Bureau of Narcotics, together with an informer went to an apartment in Starkville occupied by appellant and Chuck Chambers. While there, appellant sold Merle Temple a vial of phenobarbital tablets for $15.
Appellant did not testify in his own behalf but did produce a number of prominent people from his home city of Green-ville and from Starkville, where he was attending Mississippi State University, who testified that appellant’s reputation for honesty and fair dealing was good.
We have carefully reviewed and considered the record in this case in the light of the error assigned and find no reversible error in the trial of this case. The error assigned was relative to the statement of Agent Huff who testified that after agent Temple had purchased the phenobarbital, Chuck Chambers asked them if they would like to buy some hashish. Appellant objected, and the court sustained the objection and admonished the jury to disregard the statement as to what Chambers had said. Appellant then moved for a mistrial and it was overruled. While this testimony complained of was irrelevant to the proof of the crime charged, in view of the overwhelming and uncontradicted evidence relative to the guilt of appellant, the error was harmless beyond any reasonable doubt. Mississippi Supreme Court Rule 11 (1967).
This is another one of those sad and regrettable cases with which we are confronted far too often, where a young person of previous good character has become involved in the violation of the Controlled Substance Act. It is difficult for one to understand how a young man such as appellant, who bore a good reputation *195 and had the esteem and respect of his fellow citizens, both in his home county and at the place where he attended college, may be so foolish as to engage in the traffic of drugs and thereby subject himself to the severe penalty prescribed by law. However, regardless of appellant’s motivation, the fact remains, according to undisputed evidence in this case, that he did engage in the sale of drugs, and thereby brought shame upon himself and sorrow and grief to his family and friends. Having done so, he must pay the penalty. It was the duty of the trial court to fix his punishment within the limits provided by' law, in the light of the facts before it. This the trial court did, and under the existing law of this state, this Court is not authorized to disturb this sentence imposed.
There being no reversible error in the trial of this case, it must be and is affirmed.
Affirmed.
RODGERS, P. J., and ROBERTSON, SUGG and BROOM, JJ., concur.